# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ALISA COTTON,

    Plaintiff,

v.                                                                   CASE NO: 8:13-cv-3151-T-26AEP

POLK COUNTY BOARD OF
COUNTY COMMISSIONERS,

    Defendant.
_____/

## O R D E R

Before the Court is Defendant Polk County Board of County Commissioners' Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 88) and Plaintiff's Memorandum of Law in Opposition. (Dkt. 94). After careful consideration of the allegations of the Second Amended Complaint (Dkt. 87), the applicable law, and the argument of the parties, the Court concludes that the motion should be denied.

## PERTINENT ALLEGATIONS

Plaintiff's three-count Second Amended Complaint alleges: (1) race-based discrimination and retaliation pursuant to 42 U.S.C. § 1981 for disparate treatment involving the failure to follow the layoff policy and the unfair administration of the evaluation policies and practices (Count I); (2) race-based retaliation pursuant to 42 U.S.C. § 1983 for equal protection violations after she filed a charge of discrimination

(Count II); and (3) race-based retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), based on adverse actions that have changed the terms and conditions of her employment (Count III).  Thus, Plaintiff sues the Polk County Board of County Commissioners under §§ 1981, 1983, and Title VII.

## COUNT I

Defendant argues that Plaintiff's § 1981 action must be dismissed because § 1983 is the exclusive remedy against state actors for violations of the rights contained in § 1981.  See Butts v. Cnty. of Volusia, 222 F.3d 891, 892 (11th Cir. 2000) (holding that "§ 1983 contains the sole cause of action against state actors for violations of § 1981.").[1]  Plaintiff responds that Count I need not be dismissed because the § 1981 claims are merged into the § 1983 claims.  See Taylor v. Alabama, 95 F.Supp.2d 1297, 1309 (M.D. Ala. 2000) (citing Godby v. Montgomery Cnty. Bd. of Educ., 996 F.Supp. 1390, 1411 (M.D. Ala. 1998)).  Thus, the only issue with respect to Count I is whether this Court must dismiss Count I or simply treat Counts I and II as "a single claim."  See Godby, 996 F.Supp. at 1411.

Based on the case law, this Court may do either.  A line of district court cases follows the premise that it is unnecessary to dismiss a § 1981 claim because it has merged as a matter of law into the §1983 claim.  See, e.g., Taylor, 95 F.Supp.2d at 1309; Godby,

---

[1] See also King v. Butts Cnty. Ga., 576 F.App'x 923, 930 (11th Cir. 2014) (unpublished opinion); Bush v. Houston Cnty. Comm'n, 414 F.App'x 264, 266 (11th Cir. 2011) (unpublished opinion).

996 F.Supp. at 1411 n. 14; <u>Tooson v. State of Ala. Dep't of Transp.</u>, 2005 WL 1126768, at *3 (M.D. Ala. 2005). The Eleventh Circuit has ruled in an unpublished opinion that a district court did not commit error in dismissing a § 1981 claim. <u>Godoy v. Habersham Cnty.</u>, 211 F.App'x 850, 852 (11th Cir. 2006) (unpublished opinion). In this particular case, given its lengthy procedural history, the Court will not dismiss Count I and its factual allegations, but finds that Count I merges into Count II and will proceed as one claim brought pursuant to § 1983.

## COUNT II

Defendant argues that the Polk County Board of Commissioners is not a "person" subject to suit under § 1983. Plaintiff correctly points out that "Congress did intend municipalities and other local government units to be included among those persons to whom § 1983 applies." <u>Monell v. Dep't of Soc. Servs. of the City of N.Y.</u>, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Under § 1983 a local government unit may be held liable "only when the deprivation at issue was undertaken pursuant to city 'custom' or 'policy,' and not simply on the basis of *respondeat superior*." <u>Brown v. City of Fort Lauderdale</u>, 923 F.2d 1474, 1479 (11th Cir. 1991). A policy is a decision officially adopted by the local government unit. <u>Cooper v. Dillon</u>, 403 F.3d 1208, 1221 (11th Cir. 2005) (quoting <u>Sewell v. Town of Lake Hamilton</u>, 117 F.3d 488, 489 (11th Cir. 1997)). "A custom is a practice that is so settled and permanent that it takes on the force of law." <u>Cooper</u>, 403 F.3d at 1221 (quoting <u>Sewell</u>, 117 F.3d at 489). Plaintiff alleges in

paragraph 35 that Defendant's actions "were taken under color of state law pursuant to a policy statement, ordinance, regulation or decision adopted by the Defendant."

Plaintiff alleges that the Defendant's evaluations of her work performance were "inaccurate and meant to be penal in nature" after she had complained about discrimination. She alleges that similarly-situated white individuals did not receive similar evaluations and that but for her race and having engaged in protected activities, she would have been given more favorable evaluations. She was laid off, although a similarly-situated white employee was kept during the reduction-in-force, despite the written policy mandating a permanent employee be retained over a temporary employee. Her supervisor refused to give her work, opting instead to give it to a similarly-situated white temporary employee. Her supervisor did not speak to her and treated her less favorably that her white counterparts. Plaintiff worked outside her job classification and was not paid commensurate with her work, even though she was promised a significant raise.

Defendant also argues that no clearly established right to be free from retaliation exists under the Fourteenth Amendment Equal Protection Clause of the Constitution, and cites cases in the context of qualified immunity. Defendant asserts that Plaintiff must allege "(1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States and (2) that the act or omission was done by a person acting under color of law." Marshall Cnty. Bd. of Educ. v.

Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).  Defendant contends that Plaintiff has failed to allege any deprivation or violation of rights afforded by the Constitution.  On the contrary, Plaintiff's allegations are sufficient to state an equal protection claim for discrimination in that she has been discriminated against on the basis of her race by Defendant terminating her while keeping similarly-situated individuals outside her protected class.  See Amnesty Intern., USA v. Battle, 559 F.3d 1170, 1180 (11th Cir. 2009) ("In order to state an equal protection claim, the plaintiff must prove that he was discriminated against by establishing that other similarly-situated individuals outside of his protected class were treated more favorably.").

## COUNT III

Defendant contends that Plaintiff failed to exhaust her administrative remedies because the claims asserted are outside the scope of Plaintiff's 2012 EEOC Charge of Discrimination.  Specifically, the charge does not mention that her supervisor would give work to a white employee over Plaintiff or that Plaintiff received only a 5% raise in retaliation for filing an EEOC charge.  Plaintiff responds that her Title VII retaliation claim is not time-barred based on the charge because the charge was based on a continuing action.  The Court finds Plaintiff's allegations sufficient to withstand the motion to dismiss.[2]

---

[2] See Nash v. Palm Beach Cnty. Sch. Dist., 2009 WL 2589114 (S.D. Fla. 2009) ("[I]t is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge[.]") (quoting Gupta v. East Tex. State

It is therefore **ORDERED AND ADJUDGED** that Defendant Polk County Board of County Commissioners' Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 88) is **DENIED.**  Defendant shall file its answer and defenses within ten (10) days.

**DONE AND ORDERED** at Tampa, Florida, on March 9, 2015.

       s/*Richard A. Lazzara*
       **RICHARD A. LAZZARA**
       **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

Univ., 654 F.2d 411, 414 (5th Cir. 1981)).